UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>LT. GRIFFIN, et al.<br><br>                    Defendants. | Case No. 2:23-cv-02940-MWF-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.    BACKGROUND AND SUMMARY

On March 23, 2023, Plaintiff Keiron M. Elias – who is in custody, is proceeding *pro se*, and was subsequently granted leave to proceed without prepayment of filing fees – filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983").  (Docket Nos. 1, 7).[1]  The Original Complaint, construed liberally, sought damages against the California Department of Corrections and Rehabilitation ("CDCR"), and five correctional officers employed at California State Prison, Los Angeles County ("CSP-LAC") for

_____

[1]As Plaintiff generally uses female pronouns to refer to herself, the Court does so here as well.

asserted violations of Plaintiff's First Amendment right to free exercise of religion and her Eighth Amendment right to be free from deliberate indifference by failing to provide Plaintiff with a single cell in light of her religious beliefs and safety concerns as a transgender female and for punishing Plaintiff for refusing to be placed with male cellmates.  (Docket No. 1 at 3-11).

At Plaintiff's request, this action was stayed between November 9, 2023 and June 18, 2024.  (Docket Nos. 10, 11, 16).

On June 18, 2024, the Magistrate Judge issued an Order ("June Order") lifting the stay and screening the Original Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A and 42 U.S.C. § 1997e(c).  (Docket No. 16).[2]  More specifically, the June Order advised Plaintiff that the Original Complaint was deficient for reasons described therein,[3] dismissed the Original Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following:  (1) a First Amended Complaint which cured the pleading defects

---

[2]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).

[3]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other things, violated Rule 10(a) of the Federal Rules of Civil Procedure, failed to state a viable First Amendment free exercise claim, failed to state a viable Eighth Amendment failure to protect claim, and was barred by the Eleventh Amendment to the extent it alleged claims against the CDCR and the Defendants in their official capacities.

1    described in the June Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to

2    Stand on the Original Complaint.  The Court thereafter granted Plaintiff multiple

3    extensions of time to comply with the June Order.  (Docket Nos. 17-19, 21).

4         On October 11, 2024, Plaintiff filed a First Amended Complaint which,

5    construed liberally, sued six correctional officers employed at CSP-LAC:

6    (1) Garcia; (2) Lt. Phelin; (3) Correctional Counselor II Johnson; (4) Lt. L. Griffin;

7    (5) an unnamed correctional counselor ("Doe"); and (6) Warden Hor[n].  (Docket

8    No. 23 at 1, 6, 8).  Plaintiff claimed that Defendants Garcia, Phelin, Johnson,

9    Griffin, and Doe violated her First Amendment right to free exercise of religion by

10   failing to provide Plaintiff with a single cell in light of her religious beliefs and for

11   punishing Plaintiff for refusing to be placed with male cellmates; and that

12   Defendants Griffin and Horn violated the Eighth Amendment by depriving her of

13   all yard and dayroom privileges for six months as punishment for her refusal to

14   accept a male cellmate.  (Docket No. 23).  Plaintiff sought $5 million in damages,

15   along with injunctive relief dismissing a Rules Violation Report against her.

16   (Docket No. 23 at 9).

17        On May 29, 2025, the Magistrate Judge issued an Order ("May Order")

18   screening the First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B),

19   1915A and 42 U.S.C. § 1997e(c).[4]  (Docket No. 24).  More specifically, the May

20   Order advised Plaintiff that the First Amended Complaint was deficient for reasons

21   ///

22   ///

23

24        [4]See supra note 2.  The May Order expressly notified Plaintiff that (1) the May Order
     constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with
25   such non-dispositive rulings, such party may seek review from the District Judge within fourteen
     (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-
26   dispositive, such party had the right to object to the determination that the rulings were non-
     dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the
27   rulings in the May Order if such party did not seek review thereof or object thereto.  (May Order
     at 14 n.12).  Plaintiff did not seek review of, or file any objection to the May Order.
28

3

described therein,[5] dismissed the First Amended Complaint with leave to amend, and directed Plaintiff, within twenty days, to file one of the following:  (1) a Second Amended Complaint which cured the pleading defects described in the May Order; (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the First Amended Complaint.  (May Order at 14-15).  The May Order also expressly cautioned Plaintiff – in bold-faced print – that Plaintiff's failure timely to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on First Amended Complaint by the foregoing deadline may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the May Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the May Order.  (May Order at 15).

The Court thereafter extended Plaintiff's deadline to comply with the May Order to  September 2, 2025.  (Docket Nos. 28, 29).  On September 16, 2025, Plaintiff signed a "Notice of Delay to Respond to Court Order(s)" – which was formally filed on September 23, 2025 – claiming that she had been delayed for a variety of reasons and indicating that she would file a response no later than September 23 or 24, 2025.  (Docket No. 30).  Plaintiff has not since communicated with the Court in this action.

As the foregoing history reflects and notwithstanding the Court's extraordinary patience, to date – more than three months after Plaintiff's extended deadline to do so – Plaintiff has not complied with the May Order.  More specifically, she has failed to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on First Amended Complaint.

---

[5]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the First Amended Complaint, among other things, again violated Rule 10(a) of the Federal Rules of Civil Procedure and failed to state a viable First Amendment free exercise claim.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and her failure to comply with the Court's May Order.

## II.   PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In

addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  A District Judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

**III.   DISCUSSION AND ORDER**

First, the Court has reviewed the October Order dismissing the Original Complaint, and the May Order dismissing the First Amended Complaint and finds that such orders adequately and properly notified Plaintiff of the deficiencies in the Original Complaint and the First Amended Complaint and afforded Plaintiff an opportunity to amend effectively.  This Court agrees with and adopts the October Order and the May Order and finds that the Magistrate Judge properly dismissed the Original Complaint and the First Amended Complaint with leave to amend for the reasons discussed in the October Order and the May Order.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the May Order and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, Plaintiff has been notified of the deficiencies in the First Amended Complaint and has been given ample opportunity to amend it, to dismiss it, or to notify the Court that she wishes to stand thereon.  She has done none of those things.  See Edwards, 356 F.3d at

1065. The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned of the consequences of her failure to prosecute and her failure to comply with the May Order by the deadline to do so, and has been afforded ample opportunity to avoid such consequences but has not timely responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and her failure to comply with the May Order.

IT IS SO ORDERED.

DATED: December 22, 2025

_____
MICHAEL W. FITZGERALD
United States District Judge

7